O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HARDIMAN,<br><br>            Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>            Defendant. | CASE NO. ED CV 10-00939 RZ<br><br>MEMORANDUM OPINION AND ORDER |

        This matter comes before the Court on Plaintiff Kevin Hardiman's action to review the Commissioner's denial of his disability benefits application. Plaintiff has a bad back, with previous sprains of his right ankle and right wrist, all resulting from an accident at work. The Administrative Law Judge ruled that Plaintiff had the residual functional capacity to perform light work, with certain restrictions. Finding that there were sufficient jobs in the economy that Plaintiff was qualified to perform, the Administrative Law Judge determined that Plaintiff was not disabled.

        Substantial evidence supports this determination, and substantial evidence is all that the law requires. 42 U.S.C. § 405(g); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). The consulting physician reached a similar conclusion about Plaintiff's impairments as did the physician who examined Plaintiff as an agreed examiner in the Worker's Compensation proceedings. In this Court, however, Plaintiff complains that the

Administrative Law Judge did not adequately address the limitation of the Worker's Compensation physician that, due to disk problems in the cervical spine, Plaintiff should do no repetitive and prolonged upward or downward gazing or repetitive rotation of the neck. [AR 157] All of Plaintiff's claims in this Court derive from this supposed failure of the Administrative Law Judge.

The Administrative Law Judge did not state that Plaintiff could perform an unlimited range of work. Instead, he placed a limit on lifting, climbing, balancing, bending, stooping, kneeling, crouching and crawling. Plaintiff's argument is that there should have been a separate limit completely prohibiting Plaintiff from upward or downward gazing or repetitive rotation of the neck. The Court does not agree.

Plaintiff puts too much stock in this condition; the Worker's Compensation examining physician did not emphasize the condition, nor did he prohibit *any* looking downward or upward or any rotation of the neck. It is fair to say, rather, that at most he thought that *prolonged* stress — "gazing" — should be avoided, as well as "repetitive" rotation of the neck, as in swinging the neck back and forth. Contrary to Plaintiff's arguments, jobs that he was deemed qualified for do not require the kind of prolonged stress on the neck, through gazing or repetitive neck motion, that even the Worker's Compensation physician addressed. Virtually any work requires *some* movement of the neck and head, and the Dictionary of Occupational Titles description of the job of electronics assembly, for example, does not require the kind of prolonged stress on the neck that even the Worker's Compensation physician restricted.

The Court thus finds that there was no error in the description of the residual functional capacity that the Administrative Law Judge gave, and that there was substantial evidence to back his findings. The Commissioner's decision is affirmed.

DATED: September 7, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE